**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LEO JOSEPH MCALLISTER | : | |
| | : | |
| Appellant | : | No. 681 WDA 2025 |
| | : | |

Appeal from the PCRA Order E
ntered May 19, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007751-2017

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY LAZARUS, P.J.:                **FILED: June 9, 2026**

Leo Joseph McAllister appeals, *pro se*, from the order, entered in the Court of Common Pleas of Allegheny County, denying as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  Upon review, we affirm.

On June 11, 2019, McAllister was convicted of indecent assault—persons less than 16 years of age[1] and corruption of minors.[2]  On August 16, 2019, the Commonwealth filed notice of its intent to pursue mandatory sentencing

---

[1] 18 Pa.C.S.A. § 3126(a)(8).

[2] *Id.* at § 6301(a)(1)(ii).

provisions based on McAllister's 1983 guilty plea to various sexual offenses.[3] **See** 42 Pa.C.S.A. § 9718.2 (mandatory sentences for sexual offenders). On September 3, 2019, McAllister was sentenced to a mandatory minimum of 25 to 50 years' incarceration for indecent assault, and 2 to 4 years' incarceration for corruption of minors, to be served concurrently.

McAllister, by and through his trial counsel, Brian Herring, Esquire, filed a post-sentence motion on September 12, 2019, raising challenges to the sufficiency and weight of the evidence, the constitutionality of the second-strike mandatory minimum penalty, and effectiveness of his trial counsel. Attorney Herring simultaneously moved to withdraw, "in light of Mr. McAllister's numerous allegations of ineffectiveness." Post-Sentence Motion, 9/12/19, at 4 ¶ 11. On September 18, 2019, the trial court granted Attorney Herring's motion to withdraw and appointed James P. Sheets, Esquire, to represent McAllister. McAllister, by and through Attorney Sheets, filed a second post-sentence motion on October 30, 2019, again challenging the constitutionality of the second-strike mandatory minimum sentence.[4] These motions were denied on November 5, 2019.

_____

[3] McAllister asserts that the Commonwealth's notice was erroneously filed on an unrelated docket and, therefore, does not appear in the trial record for the instant case. **See** Appellant's Brief, at 7; **see also** PCRA Counsel's Brief in Support of Motion to Withdraw, 2/14/25, at 3 n.6. Indeed, the notice does not appear in the certified record before us. Nonetheless, the parties and the PCRA court acknowledge the motion was filed on August 16, 2019. **See** PCRA Court Opinion, 9/22/25, at 3; Appellant's Brief, at 3; Appellee's Brief, at 4.

[4] Attorney Sheets raised only this claim in his motion, noting he found the sufficiency, weight, and ineffectiveness arguments meritless.

On November 12, 2019, Attorney Sheets filed a motion for leave to withdraw as counsel, averring the case had been completed at the trial level. The trial court denied the motion the same day.

On August 11, 2020, McAllister filed, *pro se*, a PCRA petition, arguing that Attorney Sheets was ineffective because he did not file a direct appeal as requested by McAllister. The PCRA court appointed PCRA counsel, Ryan H. James, Esquire, who filed an amended PCRA petition on November 18, 2020, requesting the PCRA court reinstate McAllister's appellate rights, on grounds of trial counsel's *per se* ineffectiveness for failure to file a requested direct appeal. The PCRA court granted the petition and reinstated McAllister's direct appeal rights, *nunc pro tunc*.

McAllister, by and through Attorney James, filed a timely notice of appeal, *nunc pro tunc*, on December 1, 2020. On appeal, McAllister alleged that the jury was not instructed on the "course of conduct" element that "jumped" his corruption of minors charge from a first-degree misdemeanor to a third-degree felony. This Court agreed, reversing McAllister's sentence for corruption of minors and remanding for resentencing. *See Commonwealth v. McAllister*, 23 WDA 2021 (Pa. Super. filed Jan. 11, 2021) (unpublished memorandum decision). On March 31, 2022, the trial court resentenced McAllister to 2 to 4 years' incarceration on the corruption of minors, now graded as a misdemeanor, to run concurrently with his 25-to-50-year sentence for indecent assault. McAllister did not file a direct appeal.

On April 6, 2022, McAllister filed a *pro se* PCRA petition.[5] On April 19, 2022, the PCRA court appointed counsel, Suzanne M. Swan, Esquire, who filed an amended petition on October 20, 2022, raising a claim of ineffective assistance of trial counsel. The Commonwealth filed an answer on November 21, 2022. On November 28, 2022, the PCRA court issued a notice of intent to dismiss the petition, pursuant to Pa.R.Crim.P. 907. McAllister did not file a response. The PCRA court dismissed the petition on January 9, 2023. McAllister appealed and, on December 18, 2023, this Court affirmed the PCRA court's order. **See Commonwealth v. McAllister**, 160 WDA 2023 (Pa. Super. filed Dec. 18, 2023) (unpublished memorandum decision). McAllister filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on July 23, 2024. **Id.**, 15 WAL 2024 (Pa. filed July 23, 2024).

On October 9, 2024, McAllister filed the instant PCRA petition, his second, alleging a **Brady**[6] violation (related to a rental agreement), ineffective assistance of trial counsel, and improper enhancement of his sentence based

---

[5] "[W]hen a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes." **Commonwealth v. Callahan**, 101 A.3d 118, 122 (Pa. Super. 2014).

[6] **Brady v. Maryland**, 373 U.S. 83 (1963).

on a prior conviction that, he claimed, was overturned on appeal.[7]  He also attached medical records to the petition, asserting they would demonstrate he was unable to commit the acts of which he was accused.  On February 10, 2025, the PCRA court appointed Charles R. Pass, III, Esquire, to represent McAllister.  Attorney Pass filed a **Turner**/**Finley** "no-merit" brief and accompanying motion to withdraw on February 14, 2025.[8]  The no-merit brief asserted, *inter alia*, that McAllister's claims were untimely, he did not plead or prove any exception,[9] and the claims were, in any event, meritless.

---

[7] McAllister's assertion in his petition that his "sentence was enhanced by a prior conviction[,] which is not even on [his] record, as that conviction was overturned on appeal," is not discussed in the instant appeal, and the basis for McAllister's claim is unclear.  **See** PCRA Petition, 10/9/24, at 4.  McAllister attached to the PCRA petition what he styled as a "Petition for Review Concerning Invalid Conviction," an exhibit referencing arson and criminal mischief charges from 1991 and averring that he was granted a new trial by this Court in 1998.  **See id.** at Ex. 2.  However, McAllister received his sentence enhancement based on a 1983 guilty plea for sexual offenses; therefore, a 1991 case involving arson and criminal mischief is irrelevant to the instant conviction and appeal.  As PCRA counsel noted in his brief supporting his motion to withdraw under **Turner**/**Finley**, **see infra** n.8, subsection  § 9718.2(c) allows an offender the opportunity to petition the sentencing court for reconsideration of sentence in the event a previous conviction is vacated and an acquittal or final discharge entered; however, this only applies if the previous conviction was, in fact, vacated, and McAllister does not allege that his 1983 conviction was altered in any way.

[8] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[9] A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final, i.e., at conclusion of direct review or the expiration of the time period for seeking review.  42 Pa.C.S.A. § 9545(b)(1), (3); **see Commonwealth v. Burton**, 158 A.3d 618, 623 n.7 (Pa. 2017).  This is a
*(Footnote Continued Next Page)*

On February 18, 2025, the PCRA court issued a notice of intention to dismiss pursuant to Rule 907. McAllister filed an answer to the PCRA court's Rule 907 notice on April 8, 2025, but did not seek leave to amend his petition. The PCRA court dismissed the petition on May 19, 2025. McAllister filed a timely notice of appeal on June 12, 2025, followed by a court-ordered Rule 1925(b) statement.[10] He raises the following claims on appeal:

---

jurisdictional requirement and, "therefore[,] courts are prohibited from considering an untimely PCRA petition." **Commonwealth v. Lopez**, 249 A.3d 993, 999 (Pa. 2021) (citation omitted). A PCRA petition filed more than one year after the judgment becomes final cannot be considered unless one of the following exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[10] McAllister raised the following claims in his Rule 1925(b) statement:

> 1. [McAllister] was never notified of appointed coun[sel]. [McAllister] was never served with any documents that would make him aware of any proceedings pertaining to his [PCRA] up until he was served with [notice of dismissal] on 2/18/2025. [M]ultiple attorneys were appointed to [McAllister] during this

*(Footnote Continued Next Page)*

- 6 -

1. When a previous PCRA petition was filed before the judgment of sentence became final, is that petition a legal nullity?

2. Whether the newly discovered fact exception to the PCRA timeliness requirements applies when a notice required to be filed in [McAllister]'s case was erroneously filed in another person's unrelated case?

_____

time. [McAllister] was unaware of any and all proceedings pertaining to this matter.

2. District attorney[']s office with[]holding evidence. [T]he district attorney[']s office failed to [suppress] leases. [T]hese leases would have shown the jury that [McAllister's] name was forged[, which] would have made the cred[i]bility of these leases inadmissible. Attorney Charles Pass[, III,] claims that previous attorney Suzanne Swan found [four] additional leases during an investigation, [and two] of these leases were pert[a]ining to [W]oodland [High School]. [T]hese leases were held by the district attorney during the time of trial. [McAllister] was never provided with any record of this. [McAllister] would like the court to be aware that this is grounds for a [***Brady*** Violation].

3. [McAllister] would like to question the accountability of his medical records provided in [his PCRA petition]. [McAllister] provided the court with medical records that show[] [McAllister's] time and place of his location during the time of [the] crime. [] [McAllister] was admitted to UPMC Shadyside [M]edical [C]enter on 04/13/2017[.] [McAllister] was then under medical observation and continued treatment from home health care [on] dates listed[:] 04/13/2017, 04/14/2017, 04/15/2017, 04/16/2017, and 04/18/2017. Medical records will confirm this statement.

4. [The d]istrict [a]ttorney [misled] the jury[.] The [d]istrict [a]ttorney read petitioner[']s charges before trial began[.] [W]hile the jury took a brief recess[,] the [d]istrict [a]ttorney dismissed multiple charges that the jury was unaware of. This left the jury unaware of any charges that were dismissed[, misleading] the jury.

Pa.R.A.P. 1925(b) Statement, 7/10/25, at 1-2 (unpaginated).

3. Whether [McAllister] can raise a claim of ineffectiveness of PCRA counsel after the petition was dismissed and [McAllister] is proceeding *pro se* in the Superior Court?

4. Whether the 25[-]to[-]50 year sentence given to [McAllister] is (a) grossly disproportionate under the Eighth Amendment [to the United States Constitution] and[,] therefore[,] an illegal sentence; [and/or] (b) cruel under Article 1, Section 13 [of the Pennsylvania Constitution], and[,] therefore[,] an illegal sentence?

Appellant's Brief, at 2. Notably, McAllister acknowledges that "[n]one of these questions ha[s] been presented to the trial court." **Id.**

Before we consider the timeliness or merits of McAllister's appeal, we must first determine whether McAllister has preserved the issues he presents for our consideration. Upon review, we find that none of McAllister's issues presented on appeal was raised in his Rule 1925(b) concise statement of errors complained of on appeal. **See supra** n.10 (setting forth claims raised in Rule 1925(b) statement). We are, thus, constrained to find he has waived all claims. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (issue waived if not included in statement of errors pursuant to Pa.R.A.P. 1925(b)); **see also Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005).

Specifically, McAllister's first issue, that his April 2022 PCRA petition was a "legal nullity," is waived, because it was neither included in his original

petition[11,12] nor in his Rule 1925(b) statement. To the extent McAllister

believes this procedural issue bears on any of the substantive claims he raised

in his Rule 1925(b) statement, he does not make that connection explicit.

McAllister's second issue, that the Commonwealth filed its notice of

intention to pursue a mandatory sentencing provisions pursuant to 42

---

[11] In his PCRA petition, McAllister asserted:

> The [d]istrict [a]ttorney's office had[] evidence, copies of a rental agreement, alle[]gedly, between myself and the complain[]ant that was never made part of discovery. My sentence was enhanced by a prior conviction which is not even on my record, as that conviction was overturned on appeal, and my trial and appell[ate] counsels were ineffective[,] as legitimate claims were presented to them and information that they failed to pursue and preserve.

PCRA Petition, 10/9/24, at 4. McAllister further alleged that he was unable to commit the offenses as charged due to medical conditions, attaching medical records to the petition in support. *Id.* at 7 & Ex. 1. As a result, he claimed, his due process rights were violated. *Id.* at 4.

[12] Even if this issue had been raised in the Rule 1925(b) statement, we would have found it waived because it was not included in McAllister's PCRA petition. *See Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006) (issue waived where not presented in original or amended PCRA petition below). The same is true for the rest of the claims McAllister identified in his Rule 1925(b) statement. Issue 1, that McAllister was not notified of appointed counsel or served with documents to notify him of proceedings until the notice of dismissal was filed, was not included in his PCRA petition, but rather was raised in his April 8, 2025 response to the PCRA court's Pa.R.Crim.P. 907 notice. *See* Answer to Notice of Intent to Dismiss, 4/8/25, at 1. However, McAllister did not seek leave to amend his petition under Pa.R.Crim.P. 905 and, therefore, this claim was never appropriately presented to PCRA court and is not properly before us. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1192 (Pa. Super. 2012) (where petitioner raised new claims in response to PCRA court's Rule 907 notice, PCRA court not required to address claims because petitioner did not seek leave to amend petition).

Pa.C.S.A. § 9718.2 on the wrong docket, was also not raised in McAllister's Rule 1925(b) statement or PCRA petition. McAllister claims he did not know the notice was incorrectly filed until Attorney Pass filed his no-merit brief in support of his motion to withdraw in February 2025. *See* Appellant's Brief, at 7. Even if true, McAllister was indisputably aware of the docketing issue when he filed his Rule 1925(b) statement on July 22, 2025, **after** Attorney Pass' no-merit brief had been filed, and did not raise it at that time. He also did not seek to amend his petition to include it.

McAllister's third claim, that he can raise a claim of ineffective assistance of counsel for the first time on appeal, was also not preserved in his Rule 1925(b) statement. In his Rule 1925(b) statement, McAllister does not assert this as a procedural issue, nor does he raise a substantive challenge to the effectiveness of PCRA counsel. In his PCRA petition, McAllister raised claims of ineffectiveness of trial and appellate counsel, but not PCRA counsel, which is a distinct issue not preserved by asserting ineffectiveness at earlier stages of the proceedings. *See, e.g.*, *Commonwealth v. McGill*, 832 A.2d 1014, 1021–22 (Pa. 2003) (claim PCRA counsel is ineffective is separate and distinct from claim trial counsel was ineffective).[13]

---

[13] While McAllister is correct that *Bradley* permits a claim for ineffective assistance of PCRA counsel claim to be raised at the first opportunity, even if that opportunity first arises on appeal, he does not actually **raise** a claim for ineffective assistance of PCRA counsel in his Rule 1925(b) statement. *See Commonwealth v. Bradley*, 261 A.3d 381, 401–02 (Pa. 2021); *see generally* Appellant's Brief. Nor does he raise any specific complaints about
*(Footnote Continued Next Page)*

Finally, McAllister did not raise any constitutional claims regarding his sentence in his Rule 1925(b) statement. In his PCRA petition, the only error McAllister alleged with respect to his sentence was that it was improperly premised on a prior conviction that had been overturned on appeal. He did not raise a constitutional challenge to his sentence under the Eighth Amendment/Article 1, Section 13. Thus, this claim is also waived.[14]

_____

PCRA counsel's performance in his statement of issues in his brief. **See Bradley**, 261 A.3d at 402 (claim of ineffective assistance of PCRA counsel may be raised for first time on appeal if it is first opportunity to do so, but to warrant remand, petition "must provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness") (internal quotation marks and citation omitted). To the extent McAllister disapproves of Attorney Pass' decision not to assert certain claims, as he suggests in his brief, it is well-established that PCRA counsel cannot be considered ineffective for failure to raise baseless or meritless claims, and McAllister has not pled anything to suggest his complaints have merit. **See, e.g.**, **Jones**, 912 A.2d at 289.

[14] Even if these claims were not waived, the PCRA court was nonetheless without jurisdiction to review them, because they are untimely and do not fall within any exception. McAllister's judgment of sentence on his corruption of minors count became final on April 30, 2023, 30 days after he was re-sentenced, when his time expired to file a direct appeal. His judgment of sentence on his indecent assault charge became final on December 5, 2019, 30 days after it was entered, because he did not challenge his sentence on the indecent assault count in the appeal he filed *nunc pro tunc*. The instant petition was not filed until October 9, 2024, rendering it facially untimely. Thus, McAllister would have to plead and prove one of the exceptions to the PCRA time bar. **See supra**, n.9.

In his PCRA petition, McAllister does not allege that any of the PCRA time bar exceptions apply to his case. **See** PCRA Petition, 10/9/24, at 3. In his brief, McAllister alleges that he did not learn that the Commonwealth's section 9718.2 notice was filed on the docket of a different, unrelated case until his PCRA counsel mentioned it in his no-merit brief pursuant to **Turner**/**Finley**, filed on February 14, 2025, and this constitutes a newly discovered fact. *(Footnote Continued Next Page)*

- 11 -

Because McAllister has waived all claims on appeal, we affirm the PCRA court's dismissal of his petition.

Order affirmed.

---

McAllister's newly discovered fact, as stated, is simply that this particular document was erroneously filed on another defendant's docket; he does not suggest he was unaware the prior convictions were used to calculate his sentence, nor could he. The Commonwealth's invocation of the mandatory-minimum penalty was discussed at McAllister's sentencing hearing, and its constitutionality was challenged in both of his post-sentence motions. *See* N.T. Sentencing, 9/3/19, at 13–14 (Attorney Herring represents he has discussed mandatory minimum penalty of 25 to 50 years' incarceration with McAllister); *id.* at 20–21 (attorney for Commonwealth says he filed notice to invoke Commonwealth's discretion to enact mandatory minimum sentence); Post-Sentence Motion, 9/12/19, at 3–4; Post-Sentence Motion, 10/30/18, at 2–3 (unpaginated). In his reply brief, McAllister suggests that the fact that the notice was filed on the wrong docket deprived him of "reasonable notice of the Commonwealth's intention to proceed under" section 9718.2. It is clear, however, that McAllister knew that section 9728.2 had been invoked. "The focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Myers***, 303 A.3d 118, 121 (Pa. Super. 2023) (citation omitted). Whether there was a clerical error in the filing has no bearing on McAllister's knowledge of the relevant facts.

Similarly, the remainder of McAllister's waived claims would also not meet any exception to timeliness requirements: McAllister does not allege that he learned any new facts to support his waived ***Brady*** claims, all of which he knew or should have known at the time of trial; he knew his appellate attorney did not raise the Eighth Amendment and Article I, Section 13 claims in his direct appeal as soon as that appeal was filed; and his abandoned claims all involve issues that arose during his original trial and were known to him well before this petition was filed. Thus, even if McAllister had not waived all issues on appeal, he would not be entitled to relief.

- 12 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/9/2026